

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**CAROLYN E. KRUK**
ckruk@law.nyc.gov
(212) 356-0893
Fax: (212) 356-8760

January 3, 2020

**By ECF**

Judge Williams F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Tanya Jackson et al. v. Queens Borough Public Library et al.*,
              19-cv-6656 (WFK)(ST)

Dear Judge Kuntz:

    I am an Assistant Corporation Counsel in the Office of Corporation Counsel, James E. Johnson, attorney for the Queens Borough Public Library (the "Library"), the Board of Trustees of the Library, and the City of New York (the "City") (together, "Defendants") in connection with the above-referenced matter wherein Plaintiffs allege that the new Hunters Point Library (HPL), located in Long Island City, Queens, is inaccessible to people with mobility disabilities in violation of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the New York City human rights law. Plaintiffs seek declaratory and injunctive relief in the form of a remedial plan to fix any barriers to accessibility at HPL. I write to request a 60-day extension of Defendants' time to respond to the Complaint. This is Defendants' first request for an extension.

    A copy of the Complaint was served on Defendants on December 16, 2019, making their response due on January 6, 2020. The requested extension will allow Defendants time to receive and review the results of an architectural survey of HPL. The survey was conducted by an architectural expert retained by the United States Attorney's Office (USAO) for the Eastern District of New York in connection with its investigation into whether HPL is accessible to people with mobility disabilities in compliance with Title II of the ADA and the 2010 ADA Standards for Accessible Design. The survey was conducted on December 12, 2019, and the

Library and City anticipate receiving a copy of the report by the end of this month. Plaintiffs' counsel is aware of the USAO's investigation and survey, and has requested a copy of the report when it becomes available. I have agreed to share the report with Plaintiffs' counsel. The report will not only allow Defendants to respond to the allegations of barriers to accessibility in the Complaint but also provide an opportunity for the parties to evaluate whether pursuing an early settlement of Plaintiffs' claims would be worthwhile.

Plaintiffs' counsel consents to a 30-day but not a 60-day extension because they "feel that any more is prejudicial to our clients, who are anxious for a swift resolution of this case." However, for the reasons stated above, Defendants believe that a 60-day extension at this juncture may, in fact, promote a swift resolution of this matter, which is Defendants' objective as well. Indeed, a mere 30-day extension would not permit Defendants sufficient time – possibly less than a week – to evaluate the findings of the USAO's investigation and survey of HPL. In any event, as noted above, Defendants require this additional time to gather the facts necessary to meaningfully respond to Plaintiffs' allegations that certain architectural barriers to accessibility exist within HPL.

Accordingly, Defendants respectfully request a 60-day extension of their time to respond to the Complaint, from January 6, 2020 to March 6, 2020.

> Respectfully submitted,
>
> s/
> Carolyn Kruk

cc:   Plaintiffs' counsel
      by ECF