UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

TANYA JACKSON, an individual; and CENTER FOR
INDEPENDENCE OF THE DISABLED, NEW YORK,
a nonprofit organization; on behalf of themselves and all
others similarly situated,

**ANSWER**

19-cv-6656

                                 Plaintiffs,

                -against-

QUEENS BOROUGH PUBLIC LIBRARY, BOARD OF
TRUSTEES OF QUEENS BOROUGH PUBLIC
LIBRARY, AND THE CITY OF NEW YORK,

                               Defendants.

-------------------------------------------------------------------- x

Defendants the Queens Borough Public Library (QBPL), the Board of Trustees of

the QBPL, and the City of New York (collectively, "Defendants") by their attorney, James E.

Johnson, Corporation Counsel of the City of New York, for their Answer to the Complaint,

respectfully allege as follows:

1.      Deny the allegations set forth in paragraph "1" of the Complaint, except

admit that the Hunters Point Library opened in September 2019 and that Plaintiffs purport to

seek the relief stated therein.

2.      Deny the allegations set forth in paragraph "2" of the Complaint, except

admit that the excerpts from the QBPL press release are accurately quoted.

3.      Deny the allegations set forth in paragraph "3" of the Complaint, except

admit that the Hunters Point Library has three levels (or tiers) between the first and second floors

that can be accessed only by stairs (hereinafter, the "three stepped tiers"), and affirmatively state

that on or about October 4, 2019, the books on the three stepped tiers were relocated to areas in the Library that are accessible by elevator and ramp.

4.     Deny the allegations set forth in paragraph "4" of the Complaint.

5.     Deny the allegations set forth in paragraph "5" of the Complaint, and affirmatively state that the Hunters Point Library's rooftop terrace is not currently open to the public, and that the upper level of Library's rooftop is accessed by maintenance staff alone.

6.     Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the Hunters Point Library has one elevator and that its lobby does not have a seating area.

7.     Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the excerpt from the news article is accurately quoted.

8.     Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the excerpt from the QBPL press release is accurately quoted.

9.     Deny the allegations set forth in paragraph "9" of the Complaint.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein and seek the relief stated therein.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein and seek the relief stated therein.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiffs purport to lay venue in this judicial district as stated therein, and affirmatively state that Defendants do not challenge venue.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that QBPL is responsible for operating the Hunters Point Library in accordance with a Memorandum of Understanding with the City of New York.

17.     Admit the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that the City of New York has provided funding to the QBPL.

19.     Admit the allegations set forth in paragraph "19" of the Complaint.

20.     Admit the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that the New York City Department of Design and Construction (DDC) oversaw the construction of the Hunters Point Library, and affirmatively state that the DDC's priorities on design and construction excellence are set forth in its Design and Construction Excellence program.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except admit that the excerpts from the QBPL press release are accurately quoted.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, except admit that the Hunters Point Library's main entrance has both a revolving door and a wheelchair-accessible door.

25.     Deny the allegations set forth in paragraph "25" of the Complaint, except admit that the Hunters Point Library's first-floor lobby has, among other things, a reference desk, a conference room, restrooms, and two staircases.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, except admit that staircases run along the west side of the Hunters Point Library and the windows on the west side of the Library offer views of Manhattan and the East River.

27.     Deny the allegations set forth in paragraph "27" of the Complaint, except admit that the Hunters Point Library has one elevator, and affirmatively state that the elevator stops on all five floors of the Library, and that the elevator does not provide access to the three stepped tiers.

28.     Admit the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, except admit that the south staircase leads up to the lower level of the children's area, that the elevator stops on the lower level of the children's area, and that the children's area includes a tiered seating area for lounging, meeting, and story time.

30.     Deny the allegations set forth in paragraph "30" of the Complaint, except admit that the Hunters Point Library has a rooftop terrace with views of Manhattan and the East River, and affirmatively state that the Library's rooftop terrace is not currently open to the public, and that the upper level of the rooftop is accessed by maintenance staff alone.

31.     The allegation set forth in paragraph "31" of the Complaint constitutes a legal conclusion which does not require a response from Defendant. To the extent a response is required, Defendants deny the allegation, except admit that the Hunters Point Library is a multi-story building with one elevator.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint, except admit that the Hunters Point Library has designated "stroller parking" along the path of travel between the upper level of the children's area and the elevator.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that the Hunters Point Library has a book return system outside its main entrance, and that this system has a touch screen.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that the Hunters Point Library is 1.8 miles away from Plaintiff Jackson's residence, and admit that there are accessible libraries in Manhattan and the Bronx.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "41" of the Complaint, except admit that the elevator at the Hunters Point Library takes people to the upper levels of the Library, that a ramp from the

elevator leads up to an indoor seating area on the fifth floor of the Library, and that the Library's computer area is located on the fourth floor.

42.    Deny the allegations set forth in paragraph "42" of the Complaint, except admit that a ramp from the elevator leads up to an indoor seating area to the elevator on the fifth floor of the Hunters Point Library.

43.    Deny the allegations set forth in paragraph "43" of the Complaint and affirmatively state that the Hunters Point Library's rooftop terrace is currently closed to the public.

44.    Deny the allegations set forth in paragraph "44" of the Complaint.

45.    Deny the allegations set forth in paragraph "45" of the Complaint.

46.    Deny the allegations set forth in paragraph "46" of the Complaint.

47.    Deny the allegations set forth in paragraph "47" of the Complaint, and respectfully refer the Court to the statutory provisions cited to therein for a complete and accurate statement of their contents.

48.    Deny the allegations set forth in paragraph "48" of the Complaint, except admit, upon information and belief, that Center for Independence of the Disabled, New York (CIDNY) employees work with individuals to solve problems related to public accommodations, and deny knowledge or information sufficient to form a belief as to the truth of the allegation that CIDNY employees work with thousands of individuals each year.

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50.    Deny the allegations set forth in paragraph "50" of the Complaint, except Deny knowledge or information sufficient to form a belief as to the truth of the allegation that

CIDNY has constituents, board members, and volunteers who seek to visit the Hunters Point Library.

51.     Deny the allegations set forth in paragraph "51" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

60.     In response to paragraph "60" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "59" of this Answer as if fully set forth herein.

61.      Deny the allegation set forth in paragraph "61" of the Complaint, except admit that the excerpt from the statutory provision is accurately quoted and respectfully refer the Court to the statutory provision cited therein for a complete and accurate statement of its contents.

62.      Deny the allegations set forth in paragraph "62" of the Complaint, except admit that the excerpt from the statutory provision is accurately quoted and respectfully

refer the Court to the statutory provision cited therein for a complete and accurate statement of its contents.

63.    The allegations set forth in paragraph "63" of the Complaint constitute legal conclusions which do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

64.    Deny the allegations set forth in paragraph "64" of the Complaint.

65.    Deny the allegations set forth in paragraph "65" of the Complaint, except admit that the QBPL operates the Hunters Point Library.

66.    The allegation set forth in paragraph "66" of the Complaint constitutes a legal conclusion which does not require a response from Defendants.  To the extent a response is required, Defendants admit the allegation, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

67.    The allegation set forth in paragraph "67" of the Complaint constitutes a legal conclusion which does not require a response from Defendants.  To the extent a response is required,  Defendants deny the allegations, except admit that the excerpt from the regulatory provision is accurately quoted and respectfully refer the Court to the regulatory authority referred to therein for a complete and accurate statement of its contents.

68.    The allegation set forth in paragraph "68" of the Complaint constitutes a legal conclusion which does not require a response from Defendants.  To the extent a response is required,  Defendants deny the allegations, except admit that the excerpt from the statutory provision is accurately quoted and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     In response to paragraph "74" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "73" of this Answer as if fully set forth herein.

75.      Deny the allegations set forth in paragraph "75" of the Complaint, except admit that the excerpt from the regulatory provision is accurately quoted and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

76.     The allegations set forth in paragraph "76" of the Complaint constitute legal conclusions which do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

77.     Deny the allegations set forth in paragraph "77" of the Complaint, except admit that the excerpt from the regulatory provision is accurately quoted and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

78.     The allegation set forth in paragraph "78" of the Complaint constitutes a legal conclusion which does not require a response from Defendants.  To the extent a response is

required, Defendants admit the allegation, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

79.     The allegation set forth in paragraph "79" of the Complaint constitutes a legal conclusion which does not require a response from Defendants.  To the extent a response is required, Defendants admit the allegation, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

80.     Deny the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

82.     The allegations set forth in paragraph "82" of the Complaint constitute legal conclusions which do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     In response to paragraph "85" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "84" of this Answer as if fully set forth herein.

86.     Deny the allegations set forth in paragraph "86" of the Complaint, except admit that the excerpt from the statutory provision is accurately quoted and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

87.     The allegations set forth in paragraph "87" of the Complaint constitute legal conclusions which do not require a response from Defendants. To the extent a response is

required, Defendants deny the allegations, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

88.    Deny the allegations set forth in paragraph "88" of the Complaint, except admit that Defendants City of New York and the QBPL have received federal funding.

89.    The allegations set forth in paragraph "89" of the Complaint constitute legal conclusions which do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations.

90.    The allegations set forth in paragraph "90" of the Complaint constitute legal conclusions which do not require a response from Defendants. To the extent a response is required, Defendants deny the allegations.

91.    Deny the allegations set forth in paragraph "91" of the Complaint.

92.    Deny the allegations set forth in paragraph "92" of the Complaint.

93.    In response to paragraph "93" of the Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "92" of this Answer as if fully set forth herein.

94.     Deny the allegations set forth in paragraph "94" of the Complaint, except admit that the excerpt from the statutory provision is accurately quoted and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

95.    The allegations set forth in paragraph "95" of the Complaint constitute legal conclusions which do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

96.     Deny the allegations set forth in paragraph "96" of the Complaint, except admit that the excerpt from the statutory provision is accurately quoted and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

97.     Deny the allegations set forth in paragraph "97" of the Complaint, except admit that the excerpt from the statutory provision is accurately quoted and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

98.     The allegation set forth in paragraph "98" of the Complaint constitutes a legal conclusion which does not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

99.     The allegations set forth in paragraph "99" of the Complaint constitute legal conclusions which do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

100.    The allegation set forth in paragraph "100" of the Complaint constitutes a legal conclusion which does not require a response from Defendants.  To the extent a response is required, Defendants deny the allegation, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

101.    The allegations set forth in paragraph "101" of the Complaint constitute legal conclusions which do not require a response from Defendants.  To the extent a response is

required, Defendants deny the allegations, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

102.    The allegations set forth in paragraph "102" of the Complaint constitute legal conclusions which do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Complaint.

105.    In response to the allegations set forth in paragraphs "105" through "109" of the Complaint, Plaintiffs' "Prayer for Relief", do not constitute allegations of fact and do not require a response from Defendants. To the extent a response is deemed required, Defendants deny the allegations, except admit that Plaintiffs purport to proceed as set forth therein.

### FOR A FIRST DEFENSE:

106.    The Complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

107.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, the City of New York, or any political subdivision thereof, nor has it violated any act of Congress providing for the protection of civil rights.

### FOR A THIRD DEFENSE:

108.    At all times relevant to the events alleged in the Complaint, Defendants acted reasonably, lawfully, properly, without malice, and in good faith.

**FOR A FOURTH DEFENSE:**

109.    Plaintiffs have failed to name necessary parties as defendants. Specifically, Plaintiffs failed to name Steven Holl Architects, the architectural firm that designed the Hunters Point Library, and Triton Structural Concrete, Inc., the contractor that constructed the Library.

**WHEREFORE** Defendants request judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              March 6, 2020

JAMES E. JOHNSON
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 2-192
New York, New York 10007
(212) 356-0893
ckruk@law.nyc.gov


By:     s/_____
        CAROLYN E. KRUK
        Assistant Corporation Counsel